[Civ. No. 23497. Third Dist. Nov. 12, 1985.]

MARK WILLIAM PARRIS et al., Plaintiffs and Appellants, v.
REECE CAVE et al., Defendants and Appellants.

**[Opinion certified for partial publication.†]**

†Pursuant to rule 976.1 of the California Rules of Court, all portions of this opinion shall be published except part II.

**COUNSEL**

Irvine P. Dungan for Plaintiffs and Appellants.

Walker & Crawford, Brian C. McCoy and Randall S. Towers for Defendants and Appellants.

**OPINION**

**SIMS, J.**—In this case we hold that service by defendant's attorneys of a file-stamped copy of a formal order sustaining a demurrer with leave to amend constitutes lawful service of notice of the order pursuant to Code of Civil Procedure section 472b.[1]

Plaintiffs appeal the dismissal of their complaint against defendant Reece Cave.[2]

Defendant filed a demurrer to plaintiffs' second amended complaint. Before the hearing on the demurrer, plaintiffs' attorney sent a letter to the trial court stipulating that the demurrer should be sustained with 30 days leave to amend on the condition that previously imposed sanctions be withdrawn.

In accordance with the stipulation, the trial court entered a formal order sustaining defendant's demurrer with 30 days leave to amend.

Defendant's attorneys promptly served on plaintiffs by mail a file-stamped copy of the formal order which expressly gave plaintiffs 30 days leave to amend.

---

[1]All statutory references are to the Code of Civil Procedure unless indicated otherwise.

[2]Defendant Cave cross-appeals from an order denying his motion for attorney's fees. In an unpublished portion of this opinion, we affirm that order.

After plaintiffs failed to amend within the time set forth in the order, the trial court dismissed plaintiffs' action at defendant's request pursuant to Code of Civil Procedure section 581.

Plaintiffs then moved to set aside the order which dismissed their complaint. Their motion was based on the claim that defendant failed to give notice of the order sustaining the demurrer as required by section 472b and, thus, the time within which to amend had not yet begun to run.[3] The same claim is made here, i.e., that service of the formal order itself did not constitute lawful "notice" under the statute.

DISCUSSION

I

*Plaintiffs' Appeal*

■ We agree with the trial court's conclusion that service of the file-stamped copy of the formal order constituted the notice required by section 472b.[4] While it is true section 472b requires service of notice of the order sustaining or overruling a demurrer in order to start the time running on the right to amend (see 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 933, p. 370), section 472b does *not* specify what the form of the notice should be. (See fn. 4, *ante*.) We conclude there can be no better notice of what an order says than is provided by a file-stamped copy of the order itself. In our view, a contrary conclusion would be absurd.

Cases construing section 659, providing for written notice of entry of judgment, support our conclusion. "Notice [of entry of judgment] must be in writing. [Citations.] But no particular form is required; 'any notice in writing which will convey to a losing party that the judgment has been entered is sufficient in California.' (*Bank of America* v. *Superior Court* (1931) 115 C.A. 454, 457 . . . .)" (7 Witkin, *op. cit. supra*, Judgment, § 58, p. 495.) Thus, in *Tri-County Elevator Co.* v. *Superior Court* (1982) 135 Cal.App.3d 271 [185 Cal.Rptr. 208] a copy of a judgment which bore a stamp showing the date on which it had been filed with the clerk of the

---

[3] Plaintiffs apparently also moved the trial court to set aside the dismissal on the ground of excusable neglect pursuant to section 473. The motion pursuant to section 473 was denied when originally made and then again on motion for reconsideration. Since plaintiffs' argument here is based only on asserted noncompliance with section 472b, we do not consider the propriety of denying their motion pursuant to section 473.

[4] Section 472b provides: "When a demurrer to any pleading is sustained or overruled, and time to amend or answer is given, *the time so given runs from the service of notice of the decision or order,* unless such notice is waived in open court, and the waiver entered in the minutes or docket." (Italics added.)

court was held to constitute sufficient written notice of entry of judgment under section 659. (*Id.*, at pp. 274-277.)

Plaintiffs cite *Harris* v. *Minnesota Investment Co.* (1928) 89 Cal.App. 396 [265 P. 306] for the proposition that a minute order mailed by the clerk of the court does not constitute lawful service of notice of a ruling on a demurrer. However, *Harris* applied a rule that, "Where an attorney is retained in an action to represent a party litigant, all statutory notices and legal proceedings therein must be signed or inaugurated by the attorney of record alone [citation]." (*Id.*, at p. 401; see *Cowee* v. *Marsh* (1958) 50 Cal.2d 240, 243-244 [324 P.2d 553]; *Goetz* v. *Superior Court* (1958) 49 Cal.2d 784, 786-787 [322 P.2d 217].) Here, we have no cause to examine the wisdom of this rule because defendant's attorney caused the formal order to be served upon plaintiffs.

The trial court correctly concluded defendant's attorneys' service of a file-stamped copy of a formal order sustaining a demurrer, and specifying the time for amendment of the complaint, constituted lawful notice under section 472b.

### II*

### *Defendant's Cross-appeal*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

### DISPOSITION

All orders appealed from are affirmed. Each party shall bear his or her costs on appeal.

Puglia, P. J., and Regan, J., concurred.

---

*See footnote, *ante*, page 292.