[No. B049347. Second Dist., Div. Four. Jan. 21, 1992.]

NELSON L. ROBBINS et al., Plaintiffs and Appellants, v. LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and Respondents.

314

**COUNSEL**

Nelson L. Robbins and Sharon Robbins, in pro. per., and Mohammad Nadim for Plaintiffs and Appellants.

La Follette, Johnson, De Haas, Fesler & Ames, Melinda W. Ebelhar and Carol Dean Derry for Defendants and Respondents.

**OPINION**

**WOODS (A. M.), P. J.**—This appeal is from an order denying a motion for reconsideration brought by Nelson and Sharon Robbins (appellants) following dismissal of their action against the Los Angeles Unified School District, Tyra Seymour and Jim Ball (collectively respondents).[1]

Appellants filed a complaint in December 1987, alleging causes of action for negligent infliction of emotional distress and intentional infliction of emotional distress against respondents and others. According to the complaint, respondents participated in making a child abuse report as a result of which appellants' minor daughter was taken—or, in the language of the complaint "kidnapped and abducted"—to the Respite Aviva/Hamburger Home for Girls. Appellants alleged further that respondents refused to return their daughter to them or inform them of her whereabouts and lied to them when they sought such information.

Respondents demurred to the complaint and the matter was submitted. On May 26, 1989, the demurrer was sustained with leave to amend within 30 days of the ruling, notice being provided by the court. On July 27, 1989, respondents moved to dismiss appellants' action on the ground that they had failed to timely amend their complaint.

Appellants did not file any opposition to the motion to dismiss. Rather, on July 31, 1989, they filed a first amended complaint. Respondents demurred.

On September 22, 1989, respondents' motion to dismiss came up for hearing. Appellants failed to appear. The motion was granted. On October 6, 1989, appellants filed a motion for reconsideration or, alternatively, a motion to set aside and vacate the dismissal. Appellants accompanied the motion with essentially identical declarations asserting their belief that the time to amend did not begin to run until service of a formal notice of ruling by respondents, and that such notice had not been filed. Appellants also declared that because respondents had answered their untimely amended complaint they believed the motion to dismiss would be taken off calendar or

---

[1]The order is appealable as an order after judgment. (Code Civ. Proc., § 904.1, subd. (b).)

denied. Finally, they stated: "Being employed full time during the day and trying to learn the appropriate law at night, my [spouse] and I soon lost track of the date set for hearing of the Motion to Dismiss." The motion was denied. An order of dismissal was entered and this appeal ensued. We affirm.

I

■ We first address appellants' contention that the trial court erred when it denied their motion for reconsideration on the grounds that they had failed to show new facts. Appellants argue that under the reconsideration statute, Code of Civil Procedure section 1008, subdivision (a),[2] such a showing is required only when the subject of the motion is a final order. They claim that the ruling as to which they sought reconsideration did not have the status of a final order and, so, a showing of newly discovered evidence was not required.

Section 1008, subdivision (a) provides: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may, make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order."

■ The "different state of facts" language in the statute requires that the party seeking reconsideration provide both newly discovered evidence and an explanation for the failure to have produced such evidence earlier. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1013 [183 Cal.Rptr. 594].) This requirement, however, applies only if the order as to which reconsideration is sought is a final order. "[I]f the original order is an interim rather than a final ruling, it may be corrected at any time up to final judgment, even in the absence of newly discovered evidence. [Citation.]" (*Ibid.*) Normally, the rule for distinguishing between an interim and a final order is whether such order is appealable. (*Dick* v. *Superior Court* (1986) 185 Cal.App.3d 1159, 1163, fn. 5 [230 Cal.Rptr. 297].)

■ Using this measure, we would have to agree with appellants that the ruling as to which they sought reconsideration was not final. The ruling in question simply granted respondents' motion to dismiss. Under section 581d, to constitute an appealable judgment, "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action . . . ." The order of dismissal in this case was not filed until

---

[2]All statutory references are to the Code of Civil Procedure unless otherwise noted.

February 1, 1990. Accordingly, it appears that the court erred when it denied the motion for reconsideration on grounds that appellants had failed to produce new evidence.

Error alone, however, does not warrant reversal. "The burden is on the appellant, not alone to show error, but to show injury from the error." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 325, p. 335, italics omitted.) Nowhere have appellants demonstrated any possibility that, had the court reached the merits of their reconsideration motion, it would have granted the motion. Indeed, the converse seems true. (See *Blue Mountain Development Co.* v. *Carville, supra*, 132 Cal.App.3d 1013 [whether to grant motion for reconsideration within court's discretion].)

Appellants urged reconsideration on the grounds that "the time to file an amended complaint had not expired at the hearing on the motion to dismiss" because, according to appellants, such time does not begin to run until service by respondents of a formal notice of ruling.

Under section 472b, the time to amend "runs from the service of notice of the decision or order, unless such notice is waived in open court, and the waiver entered in the minutes or docket." (§ 472b.) Notice can be provided by a party (*Harris* v. *Minnesota Investment Co.* (1928) 89 Cal.App. 396, 400 [265 P. 306]; 5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 933, p. 370) or, at the direction of the court, by the clerk of the court (§ 664.5, subd. (c); Cal. Rules of Court, rule 309; 5 Witkin, *op. cit. supra*).

Appellants were incorrect when they asserted below that only a party could serve notice of ruling. In this case, notice of ruling was served by the court by way of a minute order. Inasmuch as no particular form of notice is required, such notice was sufficient to trigger the time within which appellants were required to amend their complaint. (*Parris* v. *Cave* (1985) 174 Cal.App.3d 292, 294 [219 Cal.Rptr. 871].) It appears, therefore, that even if the court below had reached the merits of appellants' motion to reconsider, appellants would not have prevailed. Any error by the court in denying their motion for lack of new facts is not prejudicial and does not warrant reversal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 324-325, pp. 334-336.)

## II

Appellants also contend that the trial court improperly denied their section 473 motion. Under that section a court may "relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473.)

■ "A motion seeking relief [under section 473] lies within the sound discretion of the trial court and will not be disturbed except for a trial court's abuse of discretion. [Citation.]" (*Brochtrup* v. *INTEP* (1987) 190 Cal.App.3d 323, 328 [235 Cal.Rptr. 390].)

■ Appellants claim the court abused its discretion because their failure was attributable to a mistake in law, to wit, their belief that the motion to dismiss had become moot once respondents demurred to their belatedly filed first amended complaint. ■ While a mistake in law is a ground for relief under section 473, the "issue of which mistake in law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.]" (*Brochtrup* v. *INTEP, supra,* 190 Cal.App.3d at p. 329.) "[I]gnorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief. [Citations.]" (*A & S Air Conditioning* v. *John J. Moore Co.* (1960) 184 Cal.App.2d 617, 620 [7 Cal.Rptr. 592].) ■ In the present case, the trial court determined by implication that the claimed mistake in law was insufficient to constitute excusable neglect when it concluded that appellants' failure to oppose respondents' motion to dismiss was "inexcusable." Inasmuch as appellants apparently made no effort to ascertain the validity of their erroneous belief regarding mootness, we find no basis to reverse that determination.

The only other excuse proffered by appellants was that in the press of business, they lost track of time for the hearing on the motion. This, clearly, does not rise to the level of excusable neglect.

The order is affirmed. Respondents to have their costs on appeal.[3]

Epstein, J., and Cooper, J.* concurred.

A petition for a rehearing was denied February 13, 1992.

---

[3]Inasmuch as we conclude that the court correctly denied appellants' motion on its merits, we need not address the further procedural issue of whether dismissal as to Mrs. Robbins was warranted by her failure to appear at the hearing.

*Judge of the Municipal Court for the Los Angeles Judicial District sitting under assignment by the Chairperson of the Judicial Council.