[No. D021143. Fourth Dist., Div. One. Sept. 28, 1995.]

PADRE DAM MUNICIPAL WATER DISTRICT, Plaintiff and Appellant,
v.
JOSEPH M. BURKHARDT et al., Defendants and Appellants.

**COUNSEL**

Bruce W. Beach and Best, Best & Krieger for Plaintiff and Appellant.

Thor O. Emblem and Tracy L. Emblem for Defendants and Appellants.

**OPINION**

**BENKE, J.—**

### SUMMARY

The principal issue on appeal in this eminent domain proceeding is whether the defendant landowner properly disclosed the valuation evidence he offered at trial. We find that he did not.

Plaintiff and appellant Padre Dam Municipal Water District (Padre) acquired 4.2 acres of land owned by defendants and appellants Joseph M. Burkhardt et al. (Burkhardt).[1] Prior to trial Burkhardt disclosed the identity of and valuation opinion of an appraiser as required by Code of Civil Procedure[2] sections 1258.220, 1258.250 and 1258.260. However, shortly before trial Burkhardt discovered flaws in his appraiser's opinion and on the day trial was set to commence Burkhardt moved for a continuance and an order permitting him to substitute an appraiser in place of the previously designated appraiser. The trial court denied the motion.[3]

The case trailed for a month and eventually was transferred to a different department for trial. Upon transfer to the new trial department, Burkhardt filed a trial brief which stated that he planned to call one of the co-owners of the property, Robert Brandt, to testify as to the value of the property. Burkhardt did not file or serve a statement of valuation with respect to

---

[1]Prior to the taking by the district, the defendants owned a total of 31.66 acres which had been subdivided into 9 residential lots.

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

[3]We *summarily denied* Burkhardt's petition for a writ of mandate.

Brandt's testimony. Over Padre's objection, the trial court permitted Brandt to testify that in his opinion the property taken by Padre had a value of $588,842.[4] Burkhardt offered no other valuation evidence. Brandt's testimony was in sharp contrast to Padre's appraiser who set the value of the property taken by the district at $49,000.

The jury returned a verdict setting the total value of property taken at $275,322.[5] Burkhardt moved to recover his litigation costs under the provisions of section 1250.410 and his motion was denied. Padre moved for a new trial on the grounds the court erred in permitting Brandt to testify as to his opinion of the value of the property. Padre's motion was also denied.

Padre filed a timely notice of appeal and Burkhardt filed a timely cross-appeal.

DISCUSSION

I

Section 1258.250 states: "A statement of valuation data shall be exchanged for each *person* the party intends to call as a witness to testify to his opinion as to any of the following matters:

"(a) The value of the property being taken.

"(b) The amount of the damage, if any, to the remainder of the larger parcel from which such property is taken.

"(c) The amount of the benefit, if any, to the remainder of the larger parcel from which such property is taken.

"(d) The amount of any other compensation required to be paid . . . ."[6] (Italics added.)

---

[4]Brandt testified that the total 31.66 acres had a value of $1,741,000 million or approximately $55,000 an acre.

[5]The jury found the value of the land taken was $227,953, that the defendants suffered severance damages of $42,421 and that the value of a temporary construction easement was $4,948.

[6]In turn section 1258.260 states: "(a) The statement of valuation data shall give the name and business or residence address of the witness and shall include a statement whether the witness will testify to an opinion as to any of the matters listed in Section 1258.250 and, as to each such matter upon which he will give an opinion, what that opinion is and the following items to the extent that the opinion on such matter is based thereon:
"(1) The interest being valued.
"(2) The date of valuation used by the witness.

Under section 1258.280, subdivision (b), "No party required to serve statements of valuation data on the objecting party may call a *witness* to testify on direct examination during his case in chief to his opinion on any matter listed in section 1258.250 unless a statement of valuation data for such witness was served." (Italics added.)

■ The requirements imposed by section 1258.250 apply both to expert appraisers retained by parties and to property owners who testify as to value. As the Law Revision Commentators noted, "Section 1258.250 requires that a statement of valuation data be provided for each person who is to testify to his opinion as to one or more of the matters listed in the section whether or not that person is to qualify as an expert. For example, a statement must be provided for the owner of the property if he is to testify concerning value,

---

"(3) The highest and best use of the property.

"(4) The applicable zoning and the opinion of the witness as to the probability of any change in such zoning.

"(5) The sales, contracts to sell and purchase, and leases supporting the opinion.

"(6) The cost of reproduction or replacement of the existing improvements on the property, the depreciation or obsolescence the improvements have suffered, and the method of calculation used to determine depreciation.

"(7) The gross income from the property, the deductions from gross income, and the resulting net income; the reasonable net rental value attributable to the land and existing improvements thereon, and the estimated gross rental income and deductions therefrom upon which such reasonable net rental value is computed; the rate of capitalization used; and the value indicated by such [reasonable] capitalization.

"(8) If the property is a portion of a larger parcel, a description of the larger parcel and its value.

"(b) With respect to each sale, contract, or lease listed under paragraph (5) of subdivision (a), the statement of valuation data shall give:

"(1) The names and business or residence addresses, if known, of the parties to the transaction.

"(2) The location of the property subject to the transaction

"(3) The date of the transaction.

"(4) If recorded, the date of recording and the volume and page or other identification of the record of the transaction.

"(5) The price and other terms and circumstances of the transaction. In lieu of stating the terms contained in any contract, lease, or other document, the statement may, if the document is available for inspection by the adverse party, state the place where and the times when it is available for inspection.

"(6) The total area and shape of the property subject to the transaction.

"(c) If any opinion referred to in Section 1258.250 is based in whole or in substantial part upon the opinion of another person, the statement of valuation data shall include the name and business or residence address of such other person, his business, occupation, or profession, and a statement as to the subject matter to which his opinion relates.

"(d) Except when an appraisal report is used as a statement of valuation data as permitted by subdivision (e), the statement of valuation data shall include a statement, signed by the witness, that the witness has read the statement of valuation data and that it fairly and correctly states his opinions and knowledge as to the matters therein stated.

"(e) An appraisal report that has been prepared by the witness which includes the information required to be included in a statement of valuation data may be used as a statement of valuation data under this article."

damages, benefits, or other items of compensation." (Recommendation Proposing the Eminent Domain Law (Dec. 1975) 13 Cal. Law Revision Com. Rep. (1976) pp. 1001, 1187; see also *Contra Costa Water Dist.* v. *Bar-C Properties* (1992) 5 Cal.App.4th 652, 661 [7 Cal.Rptr.2d 91] ["The generally recognized right of an owner to testify is not absolute. In stating an opinion as to the value of property, an owner is bound by the same rules of admissibility as any other witness."].)

■ Thus notwithstanding Brandt's right to testify under Evidence Code section 813, subdivision (a),[7] as to the value of land he owned, Brandt's valuation testimony was subject to the exchange requirements of section 1258.250, subdivision (a).

Burkhardt suggests, and the trial court found, section 1258.250 should not apply here because Brandt did not offer "expert" testimony but only testimony as a percipient witness. However, under section 1258.250, subdivision (a), the pertinent question is not whether a witness is an expert but whether the witness intends to offer an opinion as to value. (See Recommendation Proposing the Eminent Domain Law (Dec. 1975) 13 Cal. Law Revision Com. Rep., *supra*, at p. 1187.) Brandt plainly testified as to his opinion of the value of his property. Indeed according to Burkhardt's brief: "Brandt testified, that he had compared Padre Dam's property comps, drove to them, took pictures of many of them, and rated them as to amenities, in forming his opinion of value of his own condemned property. Mr. Brandt testified that he received a total of ten properties to look at from Mr. Beach's [Padre Dam's counsel's] office. He 'looked at no others than those ten' in forming his opinion of value."

Burkhardt also suggests he should have been relieved of the obligation of serving a statement of valuation for Brandt under section 1258.290[8] which permits valuation testimony when a party has not otherwise provided a valuation statement in the time required by section 1258.220 and has acted

---

[7]Evidence Code section 813, subdivision (a), states: "The value of property may be shown only by the opinions of any of the following:

"(1) Witnesses qualified to express such opinions.

"(2) The owner or the spouse of the owner of the property or property interest being valued.

"(3) An officer, regular employee, or partner designated by a corporation, partnership, or unincorporated association that is the owner of the property or property interest being valued, if the designee is knowledgeable as to the value of the property or property interest."

[8]Section 1258.290 states: "(a) The court may, upon such terms as may be just (including but not limited to continuing the trial for a reasonable period of time and awarding costs and litigation expenses), permit a party to call a witness, or permit a witness called by a party to testify to an opinion or data on direct examination, during the party's case in chief where such witness, opinion, or data is required to be, but is not, included in such party's list of expert witnesses or statements of valuation data if the court finds that such party has made a good

in good faith and with due diligence. The difficulty we have with this argument is that after Burkhardt's first motion to substitute a new appraiser was denied on December 13, 1993, Burkhardt did not again seek relief under section 1258.290. The absence of any further motion suggests Burkhardt clearly understood the trial court would not provide such relief and that his only hope of presenting Brandt's testimony was convincing the trial court that an owner's testimony is not governed by section 1258.250.

Notwithstanding Burkhardt's likely understanding of his ability to obtain relief under section 1258.290 following the order denying his initial motion, the only record with respect to his good faith and due diligence is the record he presented at the time he made the initial motion. In making his motion to substitute appraisers Burkhardt argued that he only discovered flaws in his appraiser's opinion when, two weeks before trial was scheduled to commence, Padre took the appraiser's deposition and thoroughly impeached the appraisal. As Padre argued at the time, due diligence is not shown by waiting almost to the time of trial for one's opponent to discover serious defects in opinions offered by one's own expert. With respect to Brandt, Burkhardt's lack of diligence is compounded by the fact that Burkhardt did not inform Padre that he would offer valuation testimony until the day the case was transferred to a new department and trial actually commenced. In short then there is no record here which would support relief under section 1258.290 even if Burkhardt had sought it.

Because section 1258.250 governed Brandt's testimony and because no statement of valuation with respect to that testimony was ever served, Brandt's testimony was barred by section 1258.280, subdivision (b).

## II

As Burkhardt asserts, having determined the trial court erred in admitting Brandt's testimony, we must determine whether Padre was prejudiced by the error. (*Robbins* v. *Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319 [4 Cal.Rptr.2d 649].)

The prejudice Padre suffered by virtue of Brandt's testimony appears on the face of the record. Although the jury clearly rejected Brandt's estimate of

faith effort to comply with Sections 1258.210 to 1258.260, inclusive, that he has complied with Section 1258.270, and that by the date of the exchange he:

"(1) Would not in the exercise of reasonable diligence have determined to call such witness or discovered or listed such opinion or data; or

"(2) Failed to determine to call such witness or to discover or list such opinion or data through mistake, inadvertence, surprise, or excusable neglect.

"(b) In making a determination under this section, the court shall take into account the extent to which the opposing party has relied upon the list of expert witnesses and statements of valuation data and will be prejudiced if the witness is called or the testimony concerning such opinion or data is given."

severance damages caused by the taking and did not accept his opinion that the portion of land taken would have had a higher value than the remaining portions, the jury did find the 4.2 acres taken by Padre was worth $227,953.[9] Thus, the jury for the most part seems to have accepted Brandt's opinion that the land was worth at least $55,000 an acre. Although it is conceivable that in the absence of Brandt's testimony the jury, with the assistance of argument by counsel, might have been able to use Padre's comparables to reach the same result, the similarity between the value found by the jury and Brandt's conservative estimate is simply too great to support a finding that Brandt's testimony had no substantial impact on the verdict.

We also reject Burkhardt's contention that Padre waived its right to assert that it was prejudiced by Brandt's testimony. Although the issue of whether Brandt would be permitted to testify was resolved in an unreported chambers conference, the reported record makes its clear the testimony was admitted over Padre's objection. Nonetheless Burkhardt argues that in addition to objecting to Brandt's testimony, Padre should have requested a brief continuance and an opportunity to depose Brandt prior to or during trial. Although a court may order a continuance or deposition as a condition to relief under section 1258.290, as we have noted Burkhardt did not seek and was not entitled to such relief. More importantly, nothing in section 1258.280 requires such a request by a party objecting to valuation testimony.[10]

The judgment is reversed.[11]

Work, Acting P. J., and Nares, J., concurred.

---

[9]See footnote 5, *ante*.

[10]Burkhardt would have a considerably stronger argument with respect to prejudice had he offered to make Brandt available for a deposition prior to or during trial. No such offer appears in the record.

[11]Because the judgment in Burkhardt's favor is reversed and the matter is remanded for further proceedings, we need not reach Burkhardt's contention that the trial court erred in failing to award him his litigation expenses.