Filed 3/8/13  Woo-Ming v. Cheng CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| GEOFFREY E. WOO-MING, | |
| Plaintiff and Appellant, | C069339 |
| v. | (Super. Ct. No. 34200900063786CUFRGDS) |
| GRACE CHENG et al., | |
| Defendants and Respondents. | |

The demurrer of defendants Grace Cheng and the Progressive Tax Group to the second amended complaint for fraud filed by plaintiff Geoffrey E. Woo-Ming was sustained without leave to amend.  Plaintiff then moved to set aside the judgment of dismissal (Code Civ. Proc., § 473),[1] claiming he made a mistake of law in relying on a single cause of action for fraud, when he should have alleged causes of action for breach of oral contract, common counts, and constructive fraud.

The trial court denied his motion to set aside the judgment, and plaintiff appeals. We conclude the trial court did not abuse its discretion, and affirm the judgment.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

BACKGROUND

*The Complaints and Demurrers*

Plaintiff hired defendants to assist him in filing delinquent income tax returns and to represent him and his wife in proceedings before the Internal Revenue Service and the California Franchise Tax Board.

A few months later, plaintiff terminated defendants' services and demanded a refund. When the parties failed to reach an agreement on the amount of the refund, plaintiff initiated this action pro se by filing a form complaint stating a single cause of action for fraud based upon intentional or negligent misrepresentation. The factual allegations of plaintiff's complaint include that his credit card was billed without his permission; he was charged for services rendered after he terminated defendants' services; he was referred by defendants to Jennifer Shapiro, whom he assumed was an attorney and he was billed for her time at the "lawyer's rate"; he subsequently learned Shapiro is not an attorney and, consequently, "practically all of the PTG [Progressive Tax Group] invoice is fraudulent."

Defendants demurred to the original complaint on the ground (among others), that the complaint failed to allege all of the elements of a fraud cause of action. Plaintiff responded by filing his first amended complaint, which stated a single cause of action for fraud based on theories of intentional or negligent misrepresentation and concealment.

Defendants demurred to the first amended complaint on the ground it failed to allege all of the elements of a fraud cause of action. The trial court sustained the demurrer with leave to amend. Plaintiff filed a second amended complaint, which stated a single cause of action for fraud based on theories of intentional or negligent misrepresentation and concealment. Soon thereafter, plaintiff filed a motion for summary judgment; the motion was ultimately dropped.

Defendants demurred to the second amended complaint on the ground it failed to allege all of the elements of a fraud cause of action. The trial court sustained the

demurrer without leave to amend. It reasoned: "Plaintiff alleges a single cause of action, fraud, based on three alternative theories: intentional misrepresentation, negligent misrepresentation, and concealment. The crux of plaintiff's complaint is that he was billed at $350/hour for certain services, in particular those performed by one Jennifer Shapiro, who 'was not an attorney, and therefore not entitled to bill at the rate of $350 an hour.' [Second Amended Complaint, page 4.] Plaintiff, however, fails to allege defendants' representation or active concealment (or a duty to disclose) regarding either Shapiro or her hourly rate, as well as his detrimental reliance, two essential elements of this cause of action. The fact that plaintiff was ultimately charged what he believes is an excessive hourly rate is not sufficient to state a cause of action for fraud. Plaintiff having failed to state a cause of action after three opportunities to do so, the court declines to grant further leave to amend."

Thereafter, the court entered judgment dismissing plaintiff's action with prejudice.

### Plaintiff's Motion to Set Aside the Judgment

Plaintiff moved to set aside the judgment pursuant to section 473, on the grounds that he, "a non-lawyer, mistakenly maintained his only Cause of Action as Fraud in his Second Amended Complaint. . . . Instead, plaintiff should have changed his First Cause of Action to Breach of Contract, his Second Cause of Action to Common Counts, his Third Cause of Action to Constructive Fraud, and to seek Treble Damages" for defendants' alleged violation of Civil Code section 3345. He sought permission to file a third amended complaint alleging these three new causes of action.

In support of his motion, plaintiff submitted the following declaration: "The purpose of this declaration is to explain to the court the circumstances whereby I, the Plaintiff In Pro Per in this case, made the following mistakes of law: [¶] (a) Since I believed that I did not need any further discovery in order to demonstrate how the defendants tried to defraud me, I believed a Summary Judgment was all I needed to win my case. [¶] (b) As a result, I did not look closely at my single cause of action of [*sic*]

3

Fraud, in that although PRG [*sic*] tried to defraud me, they were never actually successful, since I refused to accept their fraudulent refund accounting. [¶] (c) Since Cheng and PRG [*sic*] took $20,000+ via credit card before they started work, this was actually Breach of Oral Contract, with failure to return a refund after non-performance."

The trial court denied plaintiff's motion for relief from the dismissal of the action, ruling: "[P]laintiff has failed to demonstrate a mistake of law sufficient to obtain relief pursuant to . . . § 473(b). Mere ignorance of the law or negligence in conducting legal research is not excusable neglect. [Citation.] . . . Plaintiff fails to explain what exactly his mistake of law was, or how it was excusable. Plaintiff does not declare that he misunderstood any law related to any cause of action in his prior complaints or explain why he could not have determined that he should have pled causes of action for breach of contract, common counts, and constructive fraud at an earlier date. Instead, he simply declares that he mistakenly relied upon a single cause of action in bringing his complaint and now seeks to file a third amended complaint 'using the same set of facts' to allege additional causes of action. Plaintiff essentially seeks another bite at the apple to attempt to state a viable cause of action, based on the same facts as his previous complaints, after having had numerous opportunities to do so. The Court finds that plaintiff has failed to demonstrate a mistake of law, much less an excusable one, sufficient to entitle him to relief pursuant to . . . § 473(b).)"

## DISCUSSION

Plaintiff asserts on appeal the trial court abused its discretion in denying his motion to set aside the judgment because a "[m]istake of law by a layman is excusable" and in holding him "to a higher standard" than defendants' attorney, who also made mistakes in the litigation of this matter. For the following reasons, we disagree.

Section 473, subdivision (b), provides: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or

4

other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."

An application for relief under section 473 is addressed to the sound discretion of the trial judge. However, that discretion, """"is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." [Citations.]' [Citations.]" (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623.)

While section 473 authorizes a court to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, "'these words are not meaningless, and the party requesting such relief must *affirmatively show* that the situation is one which clearly falls within such category.' [Citation.] '[A] party who seeks relief under [section 473] must make a showing that due to some mistake, either of fact or of law, of himself [or herself] or of his [or her] counsel, or through some inadvertence, surprise or neglect which may properly be considered excusable, the judgment or order from which he [or she] seeks relief should be reversed. In other words, a burden is imposed upon the party seeking relief to show why he [or she] is entitled to it, and the assumption of this burden necessarily requires the production of evidence. [Citations.]'" (*Kendall v. Barker*, *supra*, 197 Cal.App.3d at pp. 623-624, and cases cited therein.) In a motion under section 473, the initial burden is on the moving party to prove excusable neglect by a "preponderance of the evidence." (*Id*. at p. 624.)

While a mistake in law is a ground for relief under section 473, the "'issue of which mistake in law constitutes excusable neglect presents a question of fact. The determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. [Citation.]' [Citation.] '[I]gnorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief.

5

[Citations.]' [Citation.]" (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319.)

Here, the trial court did not credit plaintiff's bald assertion he was mistaken about the law. It found plaintiff did not "declare that he misunderstood any law related to any cause of action in his prior complaints," and we agree with that finding. (E.g. *In re Marriage of Nurie* (2009) 176 Cal.App.4th 478, 492.) Indeed, plaintiff only asserts he mistakenly believed "a Summary Judgment was all I needed to win my case" and he "did not look closely at my single cause of action of [*sic*] Fraud" and should have pled different causes of action. These statements are more descriptive of a mistaken litigation strategy than a mistake of law. The trial court did not abuse its discretion in denying plaintiff's motion because he failed to show he made a mistake of law.

Nor did the trial court abuse its discretion in concluding plaintiff's claimed mistakes were not excusable. "An 'honest mistake of law' can provide 'a valid ground for relief,' at least 'where a problem is complex and debatable,' but relief may be properly denied where the record shows only 'ignorance of the law coupled with negligence in ascertaining it.'" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1412-1413.) We agree with the trial court's assessment that plaintiff failed to explain why he could not have determined earlier that he should have pled causes of action for breach of contract, common counts, and constructive fraud, particularly as each of defendants' demurrers demonstrated the deficiencies of plaintiff's attempts to allege a cause of action for fraud. There was no abuse of discretion in the trial court's denial of plaintiff's section 473 motion. (See *Robbins v. Los Angeles Unified School Dist.*, *supra*, 3 Cal.App.4th at p. 319 [trial court did not abuse its discretion by denying pro se plaintiffs' section 473 motion based on a mistake in law because plaintiffs made no effort to ascertain the validity of their erroneous belief the motion to dismiss was moot].)

We recognize that plaintiff appeared without legal counsel, and brought his section 473 motion in propria persona. But "'we are unable to ignore rules of procedure just

6

because we are aware of that fact. "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." [Citations.]' (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.) In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel." (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267; see also *Hopkins & Carley v. Gens, supra*, 200 Cal.App.4th at pp. 1413-1414 ["[o]ne who voluntarily represents himself [or herself] 'is not, for that reason, entitled to any more (or less) consideration than a lawyer'"].)

We are unpersuaded by plaintiff's reliance on *Tammen v. County of San Diego* (1967) 66 Cal.2d 468, at page 479 for his contrary argument that "'a mistake of law may be excusable when made by a layman, but not when made by an attorney.'" That statement from *Tammen* is dictum, as the appellant in that case *was* represented by counsel (*id*. at p. 479 ["Tammen was represented by counsel . . . and in determining whether a person is entitled to relief the controlling factor is the reasonableness of the misconception of the law under the circumstances of each particular case"]; *People v. Foster* (1993) 14 Cal.App.4th 939, 956 [a court's comment on an uncontested issue is dictum].) Moreover, as we note above, the trial court did not abuse its discretion in concluding plaintiff failed to bear his burden of showing either that he was mistaken about the law or that he could not have discovered his mistake (if any) at an earlier stage of the proceedings.

Finally, plaintiff has not shown the trial court was "[b]ias[ed] against a pro se Plaintiff" because defense counsel "has made numerous mistakes of law and procedure for which he has only received admonishments from the trial court." We have reviewed the record and find nothing to support such a claim. For his part, plaintiff offers no

7

cogent analysis, supported by citations to the record and authority, of how the court was biased against him.  Accordingly, we deem his claim of bias forfeited.  (Cal. Rules of Court, rule 8.204(a)(1)(C); *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239-1240.)

## DISPOSITION

The judgment is affirmed.  Defendants are awarded their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

HOCH , J.

We concur:

BLEASE , Acting P. J.

MAURO , J.

8