Filed 11/17/23  Czech v. Herrera CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JEFFERY J. CZECH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>YVETTE R. HERRERA,<br><br>    Defendant and Appellant. | B316020<br><br>(Los Angeles County<br>Super. Ct. No. VC051748) |

APPEAL from an order of the Superior Court of Los Angeles County.  Olivia Rosales, Judge.  Affirmed with sanctions.

Law Office of Reshma Kamath and Reshma Kamath for Defendant and Appellant.

Czech & Howell and Bradley Chester Arnold for Plaintiff and Respondent.

_____

Defendant and appellant Yvette R. Herrera (Herrera) appeals from the trial court's October 5, 2021, order denying her motion to set aside a default judgment pursuant to Code of Civil Procedure sections 473 and 473.5.[1]  Because the trial court did not abuse its discretion, we affirm that order.

In addition, Herrera's counsel, Reshma Kamath (Kamath), is ordered to pay monetary sanctions to Czech in the amount of $1,440 and to the court in the amount of $5,000.  (Cal. Rules of Court, rule 8.276.)[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 6, 2006, Herrera retained plaintiff and respondent Jeffery J. Czech (Czech) to represent her in a dissolution of marriage.  Although Czech performed various legal services for Herrera, Herrera failed to timely pay him, prompting Czech to bring a breach of contract action against her.  In response, on or about November 14, 2008, Herrera sent Czech an unsigned answer to the complaint.  When Herrera failed to file her answer with the trial court, Herrera's default was entered.  On March 24, 2009, a default judgment in the amount of $29,730.65 was entered in favor of Czech and against Herrera.

On February 5, 2019, Czech filed and served a notice of renewal of the judgment.

More than two years later, on March 24, 2021, Herrera filed a motion to vacate the renewed judgment.  On August 5,

---

[1]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]    All further references to rules are to the California Rules of Court.

2

2021, the trial court denied her motion as untimely. She did not file a notice of appeal from this order.

On September 10, 2021, Herrera filed a motion to set aside the default judgment (§§ 473, subds. (a)-(d), 473.5) entered nearly 11 years earlier. On October 5, 2021, the trial court denied the motion as untimely, under both section 473, subdivision (b), and 473.5, subdivision (a). It further found that the judgment was not void. Finally, it concluded that Herrera was not entitled to equitable relief.

On October 13, 2021, Herrera timely filed her notice of appeal from the trial court's October 5, 2021, order.

## DISCUSSION

I. *Jurisdiction and scope of appeal*

Compliance with the requirements for filing a notice of appeal is mandatory and jurisdictional. (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 674.) We independently review our own jurisdiction. (*California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252.)

As set forth above, Herrera's notice of appeal solely designates the October 5, 2021, order as the one being challenged. Because our jurisdiction on appeal is limited in scope to the order identified in the notice of appeal, we lack jurisdiction to entertain Herrera's challenge to the trial court's August 5, 2021, order. (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073; rule 8.100(a)(2); *Filbin v. Fitzgerald*

3

(2012) 211 Cal.App.4th 154, 173.) We therefore do not address Herrera's arguments concerning this order. [3]

II. *Standard of review*

We review the trial court's order for abuse of discretion. (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319; *Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478.) We review any subsidiary factual findings for substantial evidence. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257–258.)

III. *Relevant law*

A. <u>Section 473, subdivision (b)</u>

Section 473, subdivision (b), provides, in relevant part that the trial court "*may*, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b), italics added.) "The party seeking relief . . . bears the burden of proof in establishing a right to relief," including a satisfactory excuse for the default. (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) "Where "'a party fails to show that a judgment has been taken against him through his mistake, inadvertence, surprise or excusable neglect the court may not grant relief. It has no discretion.'" [Citation.]" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1423.)

---

[3]     To the extent that Herrera's notice of appeal could be construed to include the August 5, 2021, order, it is untimely. (Rule 8.104(a)(1)(B).)

4

B. <u>Section 473, subdivision (d)</u>

"Section 473, subdivision (d), provides a trial court 'may, on motion of either party after notice to the other party, set aside any void judgment or order.' '[I]nclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment [or order].' [Citation.] However, the trial court 'has no statutory power under section 473, subdivision (d) to set aside a judgment [or order] that is not void . . . .' [Citation.] Thus, the reviewing court 'generally faces two separate determinations when considering an appeal based on section 473, subdivision (d): whether the order or judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside.' [Citation.] The trial court's determination whether an order is void is reviewed de novo; its decision whether to set aside a void order is reviewed for abuse of discretion. [Citations.]" (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

"A judgment is 'void' only when the court entering that judgment 'lack[ed] jurisdiction in a fundamental sense' due to the '"entire absence of power to hear or determine the case"' resulting from the '"absence of authority over the subject matter or the parties."' [Citations.] To be sure, a court that ""acts contrary to [its] authority"" "'to give certain kinds of relief, or act without the occurrence of certain procedural prerequisites"' is often said to lack 'jurisdiction.' [Citations.] But such acts do not render the court's ensuing judgment or order void. That is because 'jurisdictional errors can be of two types[:] A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely

5

act in excess of its jurisdiction or defined power, rendering the judgment voidable.' [Citation.] Only void judgments and orders may be set aside under section 473, subdivision (d); voidable judgments and orders may not. [Citations.]" (*People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233–234; see also *In re Jesusa V.* (2004) 32 Cal.4th 588, 624 ["A court acts in excess of jurisdiction 'where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites'"].)

"In determining whether an order is void for purposes of section 473, subdivision (d), courts distinguish between orders that are void on the face of the record and orders that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence. 'This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment [or order] is void.' [Citation.]" (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at pp. 1020–1021.)

"An order [or judgment] is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence. [Citations.] . . . If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order is not void on its face. Such an order must be challenged within the six-month time limit prescribed by section 473, subdivision (b), or by an independent action in

6

equity. [Citations.]" (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at p. 1021.)

C. <u>Section 473.5</u>

Section 473.5 authorizes the trial court to provide relief from a default or default judgment for lack of actual notice. Section 473.5, subdivision (a), provides: "When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action."

The provision requires the defaulting party to serve and file the notice of motion within a reasonable time but no later than two years after entry of the default judgment or 180 days after service of a written notice of entry of the default or default judgment, whichever is earlier. (§ 473.5, subd. (a).) Section 473.5, subdivision (b), further requires the moving party to provide "an affidavit showing under oath that the party's lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect." When these conditions are met, the trial court "may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action." (§ 473.5, subd. (c).)

D. <u>Copy of proposed answer</u>

Both section 473, subdivision (b), and section 473.5, subdivision (b), require the moving party to file and serve a copy of the proposed answer. (See §§ 473, subd. (b) ["[A]pplication for this relief shall be accompanied by a copy of the answer . . . proposed to be filed therein"], 473.5, subd. (b) ["The party

7

shall serve and file with the notice a copy of the answer
. . . proposed to be filed in the action"].)

IV. *The trial court did not abuse its discretion*

Applying these legal principles, we readily conclude that the trial court did not err in denying Herrera's motion to set aside the default judgment. Regarding section 473, subdivision (b), the motion is woefully untimely—the default judgment was entered in 2009, but she did not seek relief until 2021.

Regarding section 473, subdivision (d), the challenged judgment is not void. Its alleged voidness cannot be determined without the consideration of extrinsic evidence. (*Pittman v. Beck Park Apartments Ltd.*, *supra*, 20 Cal.App.5th at p. 1021.)

Herrera seems to claim that the judgment is void because she was never served with a copy of the complaint. This argument fails. A motion for relief from a judgment that is void for improper service is governed by analogy to section 473.5. (See *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114, 1122.) And, relief under section 473.5 is not available here because, as the trial court aptly found, Herrera had actual notice of Czech's lawsuit against her—on November 12, 2008, she mailed an unsigned answer to him in response to the complaint.[4] Despite her knowledge of the lawsuit, Herrera did not file a motion to set aside the default judgment until more than 11 years later. It follows that her request for relief was untimely.

---

[4] We disregard Herrera's argument that her handwriting on the envelope that contained her unsigned answer, which was mailed to Czech, was forged. Herrera's motion to augment the appellate record with testimony from a handwriting expert was denied. There is no evidence that her signature on any document was forged.

8

Furthermore, her motion was defective as she neglected to attach a copy of her proposed answer to Czech's complaint. (§§ 473, subd. (b), 473.5, subd. (b).)

Finally, Herrera argues that she is entitled to equitable relief.[5] Setting aside the fact that Herrera offers no legal authority or argument in support of her contention that equitable relief is even available, we are not convinced. As the trial court noted, Herrera was not diligent in seeking relief—she was aware of Czech's claims against her in 2008 yet did nothing to defend the claims or set aside the default judgment for years. And, she failed to provide the trial court with a copy of the answer she would file in response to his complaint.

## V. *Sanctions*

### A. Relevant facts

On February 6, 2023, Kamath, on Herrera's behalf, filed a motion to augment the record with testimony from a handwriting expert that purportedly established that Herrera's handwriting on the envelope sent to Czech in November 2008 was forged. On February 27, 2023, we denied the motion.

On March 8, 2023, Czech filed a motion to compel Kamath to share the appellate record pursuant to rule 8.153; he also requested $1,440 in monetary sanctions. On March 27, 2023, we granted Czech's motion, ordering Kamath to share the appellate

---

[5] In a similar vein, Herrera asserts for the first time on appeal that we should reverse the judgment because Czech has unclean hands. By failing to raise this argument below, it is forfeited on appeal. (*Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776–777; *Tesoro del Valle Master Homeowners Assn. v. Griffin* (2011) 200 Cal.App.4th 619, 630.)

9

record, and noted that the issue of monetary sanctions was deferred until oral argument on this matter. (Rule 8.276(c).)

On May 15, 2023, Czech filed a motion to dismiss Herrera's appeal and again requested monetary sanctions. Kamath, on Herrera's behalf, filed an utterly offensive opposition to Czech's motion. On June 1, 2023, we denied Czech's motion to dismiss, but (1) forwarded a copy of Herrera's opposition to Czech's motion (prepared by Kamath) "to the State Bar of California in light of counsel's unfounded, outrageous, offensive, and insulting remarks about the judiciary, specifically those directed towards Presiding Justice Elwood Lui"; and (2) deferred the issue of monetary sanctions until oral argument on this matter.

On July 31, 2023, Kamath filed a reply brief on Herrera's behalf, reiterating her groundless argument that Czech failed to pay the requisite costs to Herrera and Kamath in order for the appellate record to be shared. The reply brief also repeats the unfounded inflammatory comments about the judiciary and Presiding Justice Elwood Lui that prompted the referral to the State Bar of California. In addition, even though we denied Herrera's motion to augment the record, the reply brief relies upon the declaration of the handwriting expert to prove Herrera's contention that her handwriting on the November 2008 envelope was forged.

B. Relevant law

Rule 8.276(a) provides, in relevant part: "On motion of a party or its own motion, a Court of Appeal may impose sanctions . . . on . . . an attorney for: [¶] . . . (4) Committing any . . . unreasonable violation of these rules."

"[I]t is vital to the integrity of our adversary legal process that attorneys strive to maintain the highest standards of ethics,

10

civility, and professionalism in the practice of law.  In order to instill public confidence in the legal profession and our judicial system, an attorney must be an example of lawfulness, not lawlessness.  [¶]  Accordingly, an attorney, 'however zealous in [her] client's behalf, has, as an officer of the court, a paramount obligation to the due and orderly administration of justice . . . .' [Citation.]  An attorney must . . . maintain a respectful attitude toward the court.  [Citations.]" (*People v. Chong* (1999) 76 Cal.App.4th 232, 243; see also Cal. Bus. & Prof. Code, § 6068; *Snoeck v. ExakTime Innovations, Inc.* (Oct. 2, 2023, B321566) ___ Cal.App.5th ___, [2023 Cal.App.LEXIS 5855] [as an officer of the court, an attorney owes the court and opposing counsel professional courtesy].)

C. <u>Analysis</u>

We agree with Czech that Kamath's misconduct warrants the imposition of monetary sanctions against her.[6]  Early in these proceedings, she unreasonably delayed in sharing the appellate record in violation of rule 8.153.  Even after we issued our order on March 27, 2023, counsel continues to press her meritless contention that Czech and/or his attorney were the ones at fault for failing to pay costs associated with lending the record.

Furthermore, on March 22, 2023, Kamath filed an opposition to Czech's motion to dismiss that leveled outrageous comments against the judiciary and Presiding Justice Lui, prompting us to notify the State Bar of her behavior.  Even after we issued an order notifying the parties that Kamath's opposition was being forwarded to the State Bar, Kamath persisted in raising unfounded and offensive accusations against this court.

---

[6]  Kamath did not appear for oral argument.

11

She also filed a wholly meritless motion to augment the record with testimony from a handwriting expert challenging the trial court's findings below.  Even after we denied her motion to augment the record with this purported evidence, she continued to rely upon it in her reply brief.

Monetary sanctions are awarded against Kamath and in favor of Czech in the amount of $1,440.  In addition, Kamath is subjected to monetary sanctions payable to the court for her relentless offensive filings and communications (as well as attempted communications that have now been blocked).  (Rule 8.276(a)(4); *Huschke v. Slater* (2008) 168 Cal.App.4th 1153, 1162–1163.)  "This payment must be made in full to the Court of Appeal (in care of Clerk/Administrator) [no later than 15 days of] the issuance of the remittitur."  (*Id*. at p. 1163.)  "This opinion constitutes a written statement of our reasons for imposing sanctions."  (*Id*. at p. 1164.)

## DISPOSITION

The order is affirmed.  Czech is entitled to costs on appeal. Monetary sanctions in the amount of $6,440 are imposed against Herrera's counsel, Reshma Kamath, with $1,440 payable to Czech and $5,000 payable to the Court of Appeal in care of the clerk no later than 15 days after the issuance of the remittitur. The clerk of this court is directed to deposit said sum in the general fund.

In addition, Reshma Kamath is ordered to report the sanctions to the State Bar.  (Bus. & Prof. Code, § 6068, subd. (o)(3).)  The clerk of this court is directed to forward a copy of this opinion to the State Bar.  (Bus. & Prof. Code, § 6086.7, subd. (b).)

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
ASHMANN-GERST

We concur:

_____, P. J.
LUI

_____, J.
HOFFSTADT

13