Filed 8/7/24  Gerber v. Waters CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| WILLIAM RENO GERBER, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CONNIE WATERS et al., <br><br> Defendants and Respondents. | B324668 <br><br> Los Angeles County <br> Super. Ct. No. (21LBCV00429) |

APPEAL from orders of the Superior Court of Los Angeles County, Michael P. Vicencia, Judge.  Affirmed.

William Reno Gerber, in pro per., for Plaintiff and Appellant.

Bidari Civil Defense and Paymon Z. Bidari for Defendant and Respondent Connie Waters.

No appearance for Defendant and Respondent Fred Gerber.

_____

The trial court dismissed William Gerber's civil case as to defendant Connie Waters because Gerber did not file an amended complaint within the 60 days the court had allowed. Gerber appeals from the dismissal and the denial of his motion for reconsideration. We affirm. Unspecified citations are to the Code of Civil Procedure.

I

Gerber sued Connie Waters and Fred Gerber in 2021. He alleged they conspired to steal from him. The orders William Gerber appeals from do not concern Fred Gerber. Further references are to William Gerber.

Gerber also alleged that Waters had misused the processes of the prison where Gerber was incarcerated. Waters had told the prison Gerber was threatening her over the phone and in writing. Gerber feared including this information in his file might dash his hopes for parole.

The trial court sustained Waters's demurrer and gave Gerber 60 days to amend. The clerk mailed a copy of the minute order, which included the 60-day deadline, to Gerber the same day. Gerber was not present or officially represented at the hearing, but an attorney who represented him in other matters attended on his behalf and relayed the results to him by telephone.

Two weeks after the 60-day deadline, Waters filed an ex parte motion to dismiss the case. (See California Rules of Court, rule 3.1320, subdivision (h).) The court heard the motion and dismissed the case.

Gerber moved for reconsideration under section 1008 and for relief under section 473, arguing he had not received notice of the ex parte application and he was being systemically denied

2

access to the courts.  The court heard and denied Gerber's motion.

Gerber appeals from both the order dismissing the case and the order denying his motion for reconsideration and/or relief from default.

## II

Waters asked the court to dismiss the case pursuant to California Rules of Court, rule 3.1320(h) and §§ 472, 473, and 581(f)(2). Subdivision (h) of Rule 3.1320 states that, following a plaintiff's failure to amend within the allowed time after demurrer, a defendant may obtain a dismissal by ex parte request.  Gerber had failed to amend within the 60 days the trial court gave him, and Waters made the permitted ex parte request to dismiss.  Her counsel declared that he had made various efforts to give notice to Gerber, both directly and through Gerber's representatives.

Gerber heard about the ex parte motion the same day Waters's counsel gave notice. Gerber worked with his attorneys over the following several days before the hearing to organize his response. Gerber did in fact receive notice.  The dismissal was proper.

Had it been error to proceed without traditional notice to Gerber of the ex parte motion to dismiss, that error would be harmless.  (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 318 (*Robbins*) ["Nowhere have appellants demonstrated any possibility that, had the courts reached the merits of their reconsideration motion, it would have granted the motion.  Indeed, the converse seems true"].)

Gerber had no good argument against dismissal.  He said only that he thought the court had given him *90* days to file an

3

amended answer. The court's specification of the 60-day deadline was clear.  If Gerber's representative at the hearing did not accurately convey it, or if Gerber misheard it, the mailed copy of the court's ruling sufficed to inform Gerber of the requirement.

## III

Reconsideration requires new law or new facts that the moving party could not have discovered.  (§ 1008; see *Robbins*, *supra*, at p. 317.)  Gerber's motion for reconsideration presented no law at all related to his failure to file an amended complaint. The relevant facts it presented were only that Gerber *thought* he had more than 60 days to file an amended complaint, and that he intended to appear at the ex parte hearing, but had been unable to do so.  These facts do not compel a different result.

Relief under section 473 requires, among other things, that the application for relief "be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted" (subd. (b).)  Gerber has never satisfied this requirement, either in this court or the trial court.

## IV

Gerber argues that, as an inmate representing himself, he was not given proper access to the courts during the proceedings from which he appeals.  He points us, as he did the trial court, to the following cases, which state the court must carefully consider whether the inmate is indigent and whether the underlying cause is bona fide:  *Wantuch v. Davis*, (1995) 32 Cal.App.4th 786, 792-793 (*Wantuch*); *Apollo v. Gyaami* (2008) 167 Cal.App.4th 1468, 1483 (*Apollo*; citing *Wantuch*); *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453, 467 [*Smith*; citing *Apollo* & *Wantuch*].  If the court so finds, it must employ additional measures to ensure the

"indigent prisoner litigant[ is] afforded meaningful access to the courts." (*Smith*, supra, at p. 467.)

Gerber does not claim to be indigent. Indications are to the contrary. He has never requested appointment of counsel. Gerber states he has attorneys who help him with parole matters. These same attorneys or their staff attended some hearings in this case and helped Gerber throughout. He pays them for their work. They continue to assist him with pleading preparation and service at the appellate level. Gerber evades this issue by describing himself, not as indigent, but as a prisoner "in pro per." He is nonetheless held to the same standards as a party with counsel.

The trial court did not abuse its discretion in dismissing the case or in refusing Gerber's requests for reconsideration or other relief. (See *Wantuch*, *supra*, at p. 795; *Robbins*, *supra*, at p. 318.)

In his briefing, Gerber requests independent review of the trial court's decision to sustain Waters's demurrer. Gerber did not appeal from that decision. We do not address this request.

### DISPOSITION

We affirm the orders and award costs to Waters.

WILEY, J.

We concur:

GRIMES, Acting P. J.          VIRAMONTES, J.

5